UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Index No.:
MELISSA MOSKOWITZ,

                  Plaintiff,                          **COMPLAINT**

  -against-

NYU LANGONE HEALTH SYSTEM,              Plaintiff Demands a
                                                               Trial by Jury

                  Defendant.
------------------------------------------------------------------------X

Plaintiff Melissa Moskowitz, by and through her attorneys, Phillips & Associates, PLLC, upon information and belief, complains of Defendant as follows:

## NATURE OF THE CASE

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §2000e et seq. ("Title VII"), the Family Medical Leave Act ("FMLA"), the New York State Human Rights Law; New York State Executive Law, §§ 296, et seq. ("NYSHRL"); and the New York City Administrative Code, §§ 8-107, et seq. ("NYCHRL"), seeking damages to redress the injuries she has suffered as a result of being discriminated against by Defendant on the basis of her actual and/or perceived (temporary) disability, her sex/gender, failure to engage in the interactive process, failure to provide a reasonable accommodation, retaliation, and unlawful termination.

## JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §2000e, 42 U.S.C. §12101, *et seq.*, 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and supplemental jurisdiction thereto.

3. This action involves a Question of Federal Law.

4. Venue is proper in this district based upon the fact that a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York. 28 U.S.C. §1391(b).

5. On or about December 11, 2020, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC").

6. On or about May 10, 2021, Plaintiff received a Notice of Right to Sue Letter from the EEOC.

7. This action is brought within ninety (90) days if said Notice of Right to Sue Letter.

## PARTIES

8. At all times material, Plaintiff was a pregnant, female resident of the State of New York, County of Nassau.

9. At all times material, Defendant NYU LANGONE HEALTH SYSTEM (hereinafter "NYU LANGONE") was and is a domestic not-for-profit corporation duly existing under the laws of the State of New York.

10. At all times material, Defendant NYU LANGONE operated an in-patient medical hospital facility located at 550 First Avenue, New York, NY 10016 ("Tisch Hospital").

11. At all times material, Defendant NYU LANGONE was and is a qualified employer under the FMLA, in that they have at least 50 employees within 75 miles of Plaintiff's work location.

12. At all times material, Plaintiff was a qualified employee under the FMLA in that she worked at least 1,250 hours for Defendant ASR in the 12-month period, immediately preceding her leave.

13. At all times material, Plaintiff was an employee of Defendant NYU LANGONE.

## MATERIAL FACTS

14. In or around February 2017, Plaintiff began working for Defendant NYU LANGONE at its

Tisch Hospital location as a Social Worker with a salary of approximately $70,000. Her responsibilities included evaluating patient needs, maintaining constant communication with patients and family members, developing care plans, and providing therapeutic support.

15. In or around October 2019, due to her strong performance, Plaintiff was promoted to Senior Social Worker, and her salary was increased to $84,000. She was then assigned to work with the Palliative Care Team at Tisch Hospital.

16. In or around March 2020, Plaintiff suffered a miscarriage. As such, Plaintiff took FMLA leave from March 19, 2020, until June 1, 2020.

17. In or around April 2020, Plaintiff became pregnant again. She was expected to give birth in or around January 2021.

18. In or around May 2020, Plaintiff began preparing to return to work. Therefore, on or about May 21, 2020, Plaintiff contacted Scott Mellynchuk, "Manager of Employee and Labor Relations," to request work-from-home accommodations, because her obstetrician deemed her pregnancy to be high-risk due to the COVID-19 pandemic and her recent miscarriage. Specifically, Plaintiff's doctor recommended that she work from home for the duration of her pregnancy.

19. On or about May 22, 2020, Mr. Mellynchuk e-mailed Plaintiff and told her that she was approved for a "temporary full-time telecommuting arrangement," which would be re-evaluated on or before June 23, 2020. At this time, she was reassigned to work for the intensive care unit.

20. On or about June 30, 2020, Christopher Oates, "Social Work Manager, Palliative Care Team" and Plaintiff's direct supervisor, emailed Plaintiff and advised her that she was expected to return to work the week of July 13th, 2020, and to work on-site at least three days per week.

This was not an accommodation made for Plaintiff, **as the entire Social Work Department operated on this schedule**. Plaintiff responded that she was not cleared to return to work on-site as per her obstetrician and requested that "if the palliative care team needs [her] on-site, then please reassign [her] to a different service." Notably, prior to Plaintiff's earlier assignment to the Palliative Care Team, that team had no assigned social worker for over a year, whereas on June 30, 2020, Defendant NYU LANGONE had at least thirty social workers available on staff.

21. Then, on or about July 1, 2020, despite the increasing impacts of the pandemic, Mr. Mellynchuk emailed Plaintiff and told her, that, due to "changing operational needs" she would be required to work on-site at least three days per week. Plaintiff, recognizing that Defendant NYU LANGONE was apparently unwilling to accommodate her further, sought legal counsel.

22. On or about July 7, 2020, Mr. Oates emailed Plaintiff and scheduled a time to speak regarding his plans for her return. At the same time, he also commented that he would like to revisit "an encounter" between Plaintiff and a co-worker that occurred in February 2020. Plaintiff saw this accusation and pretextual and also as a means to intimidate her from requesting further accommodations and/or to try to enforce her current work-from-home accommodations.

23. On that same date, Plaintiff's then counsel, Matthew Rocco, sent a letter to Mr. Mellynchuk, setting out the pattern of events to that date, along with their legal consequences, and requesting that Defendant NYU LANGONE rescind its prior demand that Plaintiff return to work on-site. Mr. Rocco also attached, as an exhibit, a letter from Plaintiff's obstetrician requesting that Plaintiff be permitted to work from home. Mr. Rocco received no response.

24. On or about July 10, 2020, Plaintiff once again emailed Mr. Mellynchuk to advise him that she would not be physically returning to work on July 13, 2020, but that she was willing to work remotely. She also reminded Mr. Mellynchuk, who was a licensed attorney, that she was represented by counsel.

25. That same day, Mr. Oates emailed Plaintiff to advise her that she would be assigned to the Medicine Team until the "issue" regarding her accommodations was resolved. Plaintiff also received an email from Renee Gross, "Interim Senior Director of Social Work" to let her know that Plaintiff was expected to work from home.

26. However, on or about July 12, 2020, and **despite being aware of her legal representation, Mr. Mellynchuk e-mailed Plaintiff directly**, reiterating that Defendant NYU LANGONE would not accommodate her in any way, and that she was expected to work, in person, on July 13, 2020. In response, Plaintiff asked Mr. Mellynchuk to contact her attorney.

27. On or about July 13, 2020, Plaintiff emailed Ms. Gross to let her know that she would not be working on-site on July 14, 2020.

28. On or about July 14, 2020, Mr. Mellynchuk once again directly emailed Plaintiff, this time to let her know that she had been approved for an unpaid leave of absence until August 14, 2020. He told her that she could use her accumulated paid time off until it was exhausted, and that she was expected to return to work on August 15, 2020, without an option to extend. This was a unilateral decision and action by Defendant NYU LANGONE. Neither Plaintiff, nor her counsel, were contacted prior to this decision.

29. In response, Plaintiff once again reiterated that she was represented by counsel, noting that Mr. Rocco, her then attorney, had, to date, called Mr. Mellynchuk three separate times, unable to leave voicemail due to Mr. Mellynchuk's mailbox being full, and sent three e-mails, none

of which were responded to.

30. On or about August 17, 2020, Plaintiff, needing income and having exhausted her paid time off, returned to work.

31. However, upon her return, Defendant began to retaliate against Plaintiff. For example, though Plaintiff was expectedly required to work on-site three full days per week, despite the increased risk factors, her doctor's recommendations, and her accommodation request, she was specifically required to work Tuesdays and Fridays, which were days when the Palliative Care Team met for interdisciplinary rounds in-person. She perceived this scheduling as a direct, retaliatory response to her efforts to secure reasonable accommodations and/or for previously taking protected-FMLA leave.

32. Additionally, on or about August 19, 2020, Mr. Oates sent Plaintiff an email, requiring that she increase the frequency with which she documents patient charts, which was a new requirement that was not previously imposed on Plaintiff.

33. Moreover, on or about August 21, 2020, Ms. Gross emailed Plaintiff, requiring that she produced daily logs on days when she worked from home. Though this requirement was technically in place for all social workers, it was not enforced against anyone but Plaintiff. As such, Plaintiff saw this as further means of retaliation, or a way to force her to resign.

34. Then, on or about August 31, 2020, Mr. Oates emailed Plaintiff, requiring her to complete a "tracer," which required more time spent in the Intensive Care Unit than any of the other tasks expected of Plaintiff. Due to her pregnancy and medical needs, and to avoid unnecessary exposure, Plaintiff requested a transfer to a different team.

35. Not only was Plaintiff's request denied, but from September 1, 2020 to September 8, 2020, Mr. Oates micromanaged all aspects of Plaintiff's work, sending emails of all tasks that

needed to be completed for specific patients, and requesting daily logs. Again, this was atypical prior to Plaintiff's return from FMLA-leave and/or her requests for a reasonable accommodation.

36. On or about September 8, 2020, frustrated by Defendant's retaliatory behavior, Plaintiff once again emailed Mr. Oates, requesting that she be allowed to work from home, and advising Mr. Oates that she was unwilling to continue to work on site due to her doctor's recommendations and requests.

37. **That same day**, Austin Bender, "Director of Human Resources," emailed Plaintiff, terminating her "effective immediately." The termination email set out numerous reasons for termination, many of which were erroneous, but were ultimately grounded in Plaintiff's unwillingness to work on-site; a requirement that would have been unnecessary had Plaintiff been transferred to another team.

38. Defendant's actions were and are intended to create a hostile work environment that no reasonable person would tolerate.

39. Defendant terminated Plaintiff because of her pregnancy.

40. Defendant terminated Plaintiff because of her sex/gender.

41. Defendant terminated Plaintiff for requesting reasonable accommodations and/or her need for FMLA leave.

42. Defendant terminated Plaintiff because of her actual and/or perceived disability (pregnancy), as well as her request for reasonable accommodation and/or in anticipation thereof.

43. Defendant failed to engage in any interactive process or a cooperative dialogue.

44. As a result of Defendant's actions, Plaintiff felt, and continues to feel, extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

45. As a result of Defendant's discriminatory and intolerable treatment, Plaintiff suffered, and continue to suffer, severe emotional distress and physical ailments.

46. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, the loss of income, the loss of a salary, bonuses, health insurance, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

47. As Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages as against Defendant.

### AS A FIRST CAUSE OF ACTION
### UNDER THE FAMILY AND MEDICAL LEAVE ACT
### <u>RETALIATION</u>

48. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. 2615 of the Act states as follows:

   i. Prohibited acts

   a. Interference with rights

   Exercise of rights

   b. It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

   Discrimination

   a. It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

50. Defendants interfered with Plaintiff's rights under the above sections, discriminated against Plaintiff and retaliated against Plaintiff for taking FMLA qualified leave.

## AS A SECOND CAUSE OF ACTION
## UNDER TITLE VII
## DISCRIMINATION

51. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

52. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964; 42 U.S.C. Section 2000e *et seq.*, as amended, for relief based upon the unlawful employment practices of the above-named Defendants. Plaintiff complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's sex/pregnancy and disability.

53. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff because of her actual and/or perceived (temporary) disability and sex/gender.

## AS A THIRD CAUSE OF ACTION
## UNDER TITLE VII
## RETALIATION

54. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

55. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be an unlawful employment practice for an employer:

> "(1) to … discriminate against any of his employees … because he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he had made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

56. Defendants engaged in an unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.*, by discriminating against Plaintiff with respect to the terms, conditions, or privileges of employment because of their opposition to the unlawful employment practices of Defendants.

### AS A FOURTH CAUSE OF ACTION
### UNDER STATE LAW
### DISCRIMINATION

57. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

58. Executive Law §296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's … sex, disability … to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

59. Defendant engaged in an unlawful discriminatory practice by discriminating against the Plaintiff on the basis of her sex/gender, pregnancy, actual and/or perceived (temporary) disability, together with failure to provide a reasonable accommodation, failure to engage in the interactive process and/or cooperative dialogue, and retaliation.

### AS A FIFTH CAUSE OF ACTION
### UNDER NEW YORK STATE LAW
### RETALIATION

60. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

61. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he has opposed any practices forbidden under this article."

62. Defendant engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against Plaintiff because of Plaintiff's opposition to her employer's unlawful employment practices and because she requested a reasonable accommodation.

### AS A SIXTH CAUSE OF ACTION
### UNDER NEW YORK STATE LAW
### FAILURE TO PROVIDE REASONABLE ACCOMMODATION

63. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

64. The New York Executive Law, as amended by the New York Women's Equality Act § 296(3), provides: "It shall be an unlawful discriminatory practice for an employer, licensing agency, employment agency or labor organization to refuse to provide reasonable accommodations to the known disabilities, [Effective January 19, 2016: or pregnancy-related conditions,] of an employee, prospective employee or member in connection with a job or occupation sought or held or participation in a training program."

65. Defendant discriminated against Plaintiff when they refused to provide her with reasonable accommodations for her pregnancy and pregnancy-related complications, which would allow Plaintiff to satisfy the essential requisites of her job.

### AS A SEVENTH CAUSE OF ACTION
### UNDER STATE LAW
### AIDING AND ABETTING

66. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

11

67. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

68. Defendant engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct.

## AS AN EIGHTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## DISCRIMINATION

69. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70. The Administrative Code of City of New York, Title 8, §8-107 [1] provides that "It shall be an unlawful discriminatory practice: (a) For an employer or an employee of agent thereof, because of the actual or perceived … gender, disability … of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

71. Defendant engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff on the basis of her sex/gender, pregnancy, disability and/or perceived (temporary) disability, together with failure to provide a reasonable accommodation, failure to engage in the interactive process and/or cooperative dialogue, and retaliation.

## AS A NINTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>RETALIATION</u>

72. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

73. The New York City Administrative Code Title 8-107(7) provides that:

> "It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter…"

74. Defendant engaged in an unlawful discriminatory practice by retaliating, and otherwise discriminating against Plaintiff because she opposed Defendant's unlawful employment practices, and because she requested a reasonable accommodation.

## AS A TENTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
## <u>FAILURE TO PROVIDE REASONABLE ACCOMMODATION</u>

75. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if same were set forth herein fully at length.

76. The New York City Administrative Code, as amended by the NYC Pregnant Workers Fairness Act, N.Y.C. Admin. Code § 8-107(22) provides: "It shall be an unlawful discriminatory practice for an employer to refuse to provide a reasonable accommodation as defined in subdivision eighteen of section 8-102 of this chapter, to the needs of an employee for her pregnancy, childbirth, or related medical condition that will allow the employee to perform the essential requisites of the job."

77. Defendant engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code §8-107(22)(a) by failing to provide a reasonable accommodation and by failing to engage in the interactive process and/or cooperative dialogue.

### AS AN ELEVENTH CAUSE OF ACTION
### UNDER THE NEW YORK CITY ADMINISTRATIVE CODE
### AIDING & ABETTING

78. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

79. The New York City Administrative Code Title 8-107(6) provides that it shall be an unlawful discriminatory practice, "For any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this chapter, or attempt to do so."

80. Defendant engaged in an unlawful discriminatory practice by aiding, abetting, inciting, compelling, and coercing the discriminatory conduct.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendant:

A. Declaring that the Defendant engaged in unlawful employment practices prohibited by the FMLA, Title VII of the Civil Rights Act of 1964, New York Executive Law, and the Administrative Code of the City of New York, on the basis of her sex/gender, pregnancy, disability and/or perceived disability, together with failure to provide a reasonable accommodation, failure to engage in the interactive process and/or cooperative dialogue, retaliation, and unlawful termination;

B. Awarding damages to the Plaintiff for any lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to reputation;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff requests a jury trial on all issues to be tried.

Dated: August 6, 2021
      New York, New York

**PHILLIPS & ASSOCIATES, PLLC**
*Attorneys for Plaintiff*

*/s/ Jesse S. Weinstein*
Jesse S. Weinstein, Esq.
45 Broadway, Suite 430
New York, New York 10006
jweinstein@tpglaws.com
(212) 248-7431